IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-524-BO

| | |
|---|---|
| JOHN PATRICK MORGART, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALLSCRIPTS HEALTHCARE ) <br> SOLUTIONS, INC., and ALLSCRIPTS ) <br> HEALTHCARE, LLC, ) <br> ) <br> Defendants. ) | <u>O R D E R</u> |

This cause comes before the Court on plaintiff's motion to remand this action to Johnston County Superior Court. [DE 10]. Defendants have also moved for an extension of time to file their response to plaintiff's remand motion. [DE 12]. Both motions are ripe for disposition. For the reasons that follow, plaintiff's motion to remand [DE 10] is DENIED and defendants' motion for an extension of time [DE 12] is DENIED AS MOOT.

BACKGROUND

Plaintiff filed his complaint in September 2017 in Johnston County Superior Court, alleging that defendants failed to pay plaintiff severance pay to which he was entitled. [DE 1-3]. In particular, plaintiff alleges that defendants employed him until September 2015 and, under a severance plan he signed that month, he was entitled to at least seven weeks of severance pay that he never received. [DE 1-3; 10-2]. Defendants argue that plaintiff was only employed until May 2015 and that he received severance in the weeks that followed. [DE 13].

On November 1, 2018, defendants removed this action from Johnston County Superior Court to this Court on the basis of its federal-question jurisdiction. [DE 1]; 28 U.S.C. §§ 1331, 1441(a). Defendants argue that removal more than one year later was appropriate because the grounds for removal did not become clear until plaintiff's October 2018 deposition. [DE 13, p. 9–11]. Plaintiff timely moved to remand. [DE 10]. Defendants first moved for an extension of time to file their response, but then filed a response within the allotted time. [DE 12, 13].

## DISCUSSION

At the outset, the Court notes that because defendants filed their response to plaintiff's remand motion within the original time provided, there is no need for an extension to permit the filing of such a response. Defendants' motion is denied as moot.

The question before this Court is whether the instant action arises under federal law, such that federal jurisdiction exists. Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (*en banc*). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, whether the district courts have federal-question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But district courts also have federal-question jurisdiction over state-law claims that are completely preempted by federal law. *See Lontz v. Tharp*, 413 F.3d 435, 439–440 (4th Cir. 2005).

The severance plan that plaintiff signed in September 2015 is a benefits plan covered by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*. ERISA completely preempts any state-law claims for benefits under an ERISA-backed plan that could have been brought as federal claims. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002) ("when a complaint contains state law claims that fit within the scope of ERISA's § 502 civil enforcement provision, those claims are converted into federal claims, and the action can be removed to federal court"). Here, the parties do not dispute that the severance plan that plaintiff signed was an ERISA-backed plan. Thus, the Court must decide whether plaintiff's claim could have been brought as a federal claim.

Plaintiff argues that his particular state-law claim is not preempted by ERISA and that, therefore, remand is appropriate. While defendants argue that plaintiff was employed until May 2015 and received severance benefits in the months that followed, plaintiff alleges that he was actually employed until September 2015 and never received severance benefits after that date. Plaintiff re-conceptualizes the dispute as one centered on his employment status, not on his entitlement to severance benefits. But plaintiff's argument does not prevent this Court from exercising jurisdiction over plaintiff's claim, because the claim still depends upon the interpretation of the ERISA-backed severance plan and whether plaintiff was wrongfully deprived of benefits under that plan. The question of when plaintiff's employment ended is necessary to resolving whether plaintiff was entitled to severance benefits under the ERISA-backed plan, but it is not a separate claim that can stand apart from ERISA's civil enforcement provision. Plaintiff's claim therefore fits within ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), and is preempted by ERISA.

Plaintiff also argues that the action should be remanded to Johnston County because defendants did not timely remove it. Generally, a defendant has thirty days from the initial pleading or summons to remove an action to federal court. 28 U.S.C. § 1446(b). But, "[i]f the case stated by the initial pleading is not removable," a notice of removal can instead be filed within thirty days of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Defendants argue that they removed the case within thirty days of plaintiff's deposition, where it became clear that he was seeking severance benefits from September 2015 onward. Confusion concerning the dates of plaintiff's employment and the weeks of severance sought, coupled with the otherwise sparse nature of plaintiff's complaint and the possibility of multiple claims, prevented defendants from ascertaining clear grounds for removal until plaintiff's deposition. The notice of removal was filed within thirty days of plaintiff's deposition. As such, the removal was timely.

In sum, this Court has jurisdiction over the instant action, defendants' removal was timely, and plaintiff's motion to remand is denied.

## CONCLUSION

For the above reasons, federal jurisdiction exists over the instant action and plaintiff's motion to remand [DE 10] is DENIED. Defendants' motion for an extension of time [DE 12] is DENIED AS MOOT.

SO ORDERED, this 13 day of January, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4