IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-524-BO

JOHN PATRICK MORGART,          )
                               )
        Plaintiff,             )
                               )          O R D E R
v.                             )
                               )
ALLSCRIPTS HEALTHCARE          )
SOLUTIONS, INC., and ALLSCRIPTS )
HEALTHCARE, LLC,               )
                               )
        Defendants.            )

This cause comes before the Court on defendants' motion to dismiss [DE 23] and plaintiff's

motion to allow filing out of time [DE 26]. The motions have been fully briefed and are ripe for

disposition. For the reasons that follow, plaintiff's motion to allow filing out of time [DE 26] is

GRANTED and defendants' motion to dismiss [DE 23] is GRANTED.

### BACKGROUND

Plaintiff filed his complaint in September 2017 in Johnston County Superior Court,

alleging that defendants failed to pay plaintiff severance pay to which he was entitled. [DE 1-3].

In particular, plaintiff alleges that defendants employed him until September 2015 and, under a

severance plan he signed that month, he was entitled to at least seven weeks of severance pay that

he never received. [DE 1-3; 10-2]. Defendants argue that plaintiff was only employed until May

2015 and that he received severance in the weeks that followed. [DE 13].

On November 1, 2018, defendants removed this action from Johnston County Superior

Court to this Court on the basis of its federal-question jurisdiction. [DE 1]; 28 U.S.C. §§ 1331,

1441(a). The Court denied plaintiff's motion to remand the action to state court. [DE 20]. In March

2019, defendants moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(6) and

12(c). [DE 23]. Plaintiff responded in opposition, simultaneously requesting that the response be

treated as timely. [DE 25, 26].

## DISCUSSION

At the outset, for good cause shown, plaintiff's motion to allow filing out of time is granted,

and plaintiff's response in opposition to defendants' motion to dismiss is treated as timely.

As defendants have already answered plaintiff's complaint, [DE 1-5], their motion to

dismiss is more properly considered a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c);

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(c) motion for

judgment on the pleadings raising the defense of failure to state a claim upon which relief can be

granted is assessed under the Rule 12(b)(6) standard. *Edwards*, 178 F.3d at 243. When considering

a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded

allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs.,*

*Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that

is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility

means that the court can "draw the reasonable inference that the defendant is liable for the

misconduct alleged," as merely reciting the elements of a cause of action with the support of

conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court

need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept

unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem.*

*Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Defendants' motion to dismiss must be granted. The severance plan that plaintiff signed in September 2015 is a benefits plan covered by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*. The plan includes a provision that governs the handling of benefits claims. *See* [DE 24-1, p. 17–18]. The provision requires a claimant, or his or her representative, to make a written claim for benefits to the Plan Administrator, and further specifies that a claimant "must utilize and exhaust the Plan's review procedures before . . . bring[ing] any civil action." *Id*. This is not an unorthodox provision. "ERISA and its regulations require benefit plans to provide certain pre-suit procedures for reviewing claims after participants submit proof of loss (internal review)." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013) (citations omitted); *see also Makar v. Health Care Corp. of Mid-Atl. (CareFirst)*, 872 F.2d 80, 82 (4th Cir. 1989) ("[A]n ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132."). "An ERISA welfare plan participant *must* both pursue and exhaust plan remedies before gaining access to the federal courts." *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005) (emphasis added). The failure to exhaust an ERISA-backed plan's administrative remedies is fatal to a civil claim in federal court.

Here, even viewing plaintiff's complaint in the light most favorable to him, the complaint does not allege that plaintiff submitted a written claim for benefits to the Plan Administrator or that he otherwise exhausted the severance plan's review procedures. The complaint does not allege that the Plan Administrator reviewed plaintiff's claim and determined whether or not it had merit. Indeed, the complaint could not have alleged such facts, given that plaintiff later conceded in his deposition that he had not submitted a written claim for benefits to the Plan Administrator. [DE 24-1, p. 10–11]. Plaintiff contends that he sent a letter to the human resources department

3

concerning his severance pay, and received a response from defendants' corporate counsel. The benefits plan specifically provides that a claim must be presented to a particular entity at a particular address, in writing, but plaintiff did not send his letter to that address. The Court need not decide whether or not plaintiff's conduct nonetheless constitutes exhaustion under the benefits plan, however, because plaintiff does not argue that the complaint *alleges* exhaustion. Even viewing the complaint in the light most favorable to plaintiff, the complaint does not allege that plaintiff exhausted his administrative remedies. Because exhaustion is a prerequisite to stating an ERISA claim, plaintiff has not sufficiently stated a claim upon which relief can be granted, and he cannot proceed on an ERISA claim in this Court.

In sum, because plaintiff's complaint does not allege exhaustion of administrative remedies, plaintiff has failed to state an actionable claim for relief. Defendants' motion to dismiss must be granted and the action must be dismissed.

## CONCLUSION

For the above reasons, plaintiff's motion to allow filing out of time [DE 26] is GRANTED and defendants' motion to dismiss [DE 23] is GRANTED. Accordingly, the action is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this **23** day of April, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE